CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
FEB 21 2008
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| SELMA MARIE MATHIAS FERRIS, | ) |
| Plaintiff, | ) Civil Action No.: 5:06cv00082 |
| v. | ) MEMORANDUM OPINION |
| AAF-MCQUAY, INC. t/a McQuay International, | ) By: Samuel G. Wilson<br>) United States District Judge |
| Defendant. | ) |

This matter is before the court on plaintiff's motion for review of defendant's bill of costs and objections to the bill of costs. The court granted summary judgment in favor of defendant AAF-McQuay ("McQuay") on August 20, 2007. McQuay then sought reimbursement by plaintiff Selma Marie Mathias Ferris ("Ferris") for costs of $6,458.15, which consists mostly of deposition-related costs. Ferris objects to the bill of costs on several grounds and seeks a reduction of at least $2,235.70. The court finds that McQuay is a prevailing party under Federal Rule 54(d) and is entitled to costs.[1] However, McQuay's bill of costs is subject to reduction because McQuay has not met its burden to show the reasonable necessity of certain ancillary deposition costs.

McQuay seeks $6,458.15 in costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920.[2] As a prevailing party, McQuay is entitled to an award of costs unless plaintiff

---

[1] Federal Rule of Civil Procedure 54(d) (West 2008) provides in relevant part:
Unless a federal statute, these rules or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.

[2] 28 U.S.C. § 1920 provides:
A judge or clerk of any court of the United States may tax as costs the following:

    (1) Fees of the clerk and marshal;

can demonstrate otherwise. Hackett v. Stuckey's, Inc., 670 F. Supp. 172, 174 (W.D. Va. 1987). The court may only tax those costs allowed by statute, Southprint, Inc. v. H3, Inc., 2005 WL 3177627, *2 (W.D. Va. Nov. 23, 2005), and McQuay bears the burden of showing the costs are allowed by the statute, Synergistic Int'l, LLC v. Korman, 2007 WL 517676, *1 (E.D. Va. Feb 8, 2007).

Ferris' main challenges are to several costs that are ancillary to the cost for transcription of a deposition. These ancillary costs include: (1) expedited production of the transcript, (2) shipping costs, (3) electronic copies of the transcripts, (4) disk copies of the transcripts, (5) copies of exhibits used in the deposition, and (6) videotape copies of the deposition. Fees of the court reporter for transcripts necessarily obtained for the case are allowed under the statute. 28 U.S.C. § 1920(2). However, ancillary costs such as extra copies and expedited production are not allowed absent a showing of necessity. Centennial Broadcasting, LLC v. Burns, 2007 WL 1472067, *1 (W.D. Va. May 18, 2007).[3] McQuay has submitted the bill of costs but has not submitted any showing of the necessity of the ancillary costs. The costs of these tasks will be

---

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

[3]Burns holds that the prevailing party "may not tax as costs certain expenses associated with the depositions in this case beyond the cost of the actual transcript itself, such as costs for condensed versions of the transcripts, word indices, ASCII discs, e-transcripts, exhibit copying, and delivery charges." Burns, 2007 WL at *4 (citing Scallet v. Rosenblum, 176 F.R.D. 522, 527-29 (W.D. Va. 1997).

2

disallowed, and the total bill of costs will be reduced by $1,669.50.[4] This accounts for certain costs itemized in the invoices submitted by McQuay, as well as the court's estimate of certain costs from one unitemized invoice, the invoice for the Ferris deposition.

Ferris also objects to all costs associated with the deposition of Brandon Baugher. Ferris argues Baugher had no connection with the motion that terminated the litigation, so the costs of the deposition are not recoverable. This court must "award costs when the taking of a deposition is reasonably necessary at the time of its taking." LaVay Corp. v. Dominion Federal Sav. & Loan Ass'n, 830 F.2d 522, 528 (4th Cir. 1987). Thus, the Fourth Circuit has not made the use of a transcript in a dispositive motion the test of whether the costs are taxable. Here, McQuay has alleged that the Baugher deposition and all the others were "necessarily obtained for use in the case." (Bill of Costs 1.) Ferris has not rebutted this assertion, and the cost will be allowed.

In total, McQuay's bill of costs is reduced by $1,669.50. The total bill of costs after

---

[4] The costs fall into several categories: (1) the total costs for expedited production of the five depositions at issue, including one deposition charge of $1,948 that is not itemized, is $3,328.05. To disallow only the increased charge for faster service, the court will reduce this amount by $500, or about 15%, to $2828.05; (2) the costs of electronic transcripts for those depositions where the charges are itemized is $40, $10 in each of four instances. One invoice does not break out this charge. The court finds this charge to be the same as the others, $10. The disallowance of the costs of electronic transcripts reduces the total by $50. The costs for "disk copies" appear to be coterminous with the costs for electronic transcripts. This objection has merit for the same reason as the objection to the electronic transcripts objection, but the result does not change the costs; (3) shipping costs total $100 in the itemized invoices. There is no indication of a shipping charge in the unitemized invoice. This item reduces the total by $100; (4) costs for copying exhibits total $144.50 in the itemized invoices. There is no indication of such a charge on the other invoice. This item reduces the total by $144.50; (5) videotaping costs total $825, and the total will be reduced by this amount; (6) there are other charges included in the unitemized total of $1,948 for the Ferris deposition. This has already been reduced to reflect the charge for expedited production and the costs of electronic transcripts. The court further reduces the total by $50 to reflect other ancillary charges not allowed under § 1920.

3

review and decision on Ferris' objections is $4,788.50.

ENTER: This February 21st, 2008.

_____
UNITED STATES DISTRICT JUDGE